18-2990(L), 19-1272(Con)
*United States v. Percoco*

# United States Court of Appeals
# For the Second Circuit

August Term 2019

Argued: March 12, 2020
Originally Decided: September 8, 2021
Reversed and Remanded: May 11, 2023
Decided: September 5, 2023

Nos. 18-2990(L), 19-1272(Con)

UNITED STATES OF AMERICA,

*Appellee*,

*v.*

JOSEPH PERCOCO, STEVEN AIELLO, JOSEPH GERARDI,
LOUIS CIMINELLI, ALAIN KALOYEROS, AKA DR. K,

*Defendants-Appellants*,

PETER GALBRAITH KELLY, JR.,
MICHAEL LAIPPLE, KEVIN SCHULER,

*Defendants*.

Remand from the Supreme Court
of the United States, No. 21-1158.

Before: RAGGI, CHIN, and SULLIVAN, *Circuit Judges*.

Defendant-Appellant Joseph Percoco appealed from a judgment of conviction entered in the United States District Court for the Southern District of New York (Caproni, *J.*), after a jury found him guilty of two counts of conspiracy to commit honest-services wire fraud (Counts Nine and Ten), and one count of solicitation of bribes and gratuities (Count Eleven). Finding no merit in the arguments raised on appeal, we affirmed the judgment of the district court. *See United States v. Percoco*, 13 F.4th 180 (2d Cir. 2021). Percoco then petitioned the Supreme Court for review, asking that Court to decide, as pertinent to Count Ten, whether a private citizen who has informal political or other influence over governmental decision-making can be convicted of honest-services fraud. The Supreme Court reversed our judgment – holding that the district court's jury instructions, based on our decades-old decision in *United States v. Margiotta*, 688 F.2d 108 (2d Cir. 1982), were clearly erroneous – and remanded for further proceedings. *See Percoco v. United States*, 598 U.S. 319 (2023). Having given due consideration to the Supreme Court's decision in *Percoco*, we now **AFFIRM** Percoco's convictions and sentences on Counts Nine and Eleven for the reasons set forth in our prior opinion, **VACATE** his conviction and sentence on Count Ten, and **REMAND** to the district court for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

> MICHAEL L. YAEGER, Carlton Fields, P.A., New York, NY (Walter P. Loughlin, New York, NY, *on the briefs*), *for Defendant-Appellant* Joseph Percoco.
>
> MATTHEW D. PODOLSKY (Robert L. Boone, Janis M. Echenberg, Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

PER CURIAM:

In 2019, Defendant-Appellant Joseph Percoco appealed from a judgment of conviction entered in the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*), after a jury found him guilty of two counts of conspiracy to commit honest-services wire fraud, in violation of 18 U.S.C. § 1349 (Counts Nine and Ten), and one count of solicitation of bribes and gratuities, in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2 (Count Eleven). Before this Court, Percoco challenged (among other things) the district court's instructions on Count Ten that he could be liable for actions that he agreed to undertake while he was not formally employed as a state official. Finding that the district court's instructions fit comfortably within our decades-old decision in *United States v. Margiotta*, 688 F.2d 108 (2d Cir. 1982), and finding no merit in the other arguments raised on appeal, we affirmed the judgment of the district court. *See United States v. Percoco*, 13 F.4th 180 (2d Cir. 2021).

In 2022, Percoco petitioned the Supreme Court for review, asking that Court to decide, as pertinent to his conviction on Count Ten, "whether a private citizen who has informal political or other influence over governmental decision[-]making can be convicted of honest-services fraud." *Percoco v. United*

3

*States*, 598 U.S. 319, 325 (2023) (internal quotation marks omitted); *see also id.* at 325 n.2 (noting that "Percoco did not petition for review of the Second Circuit's affirmance of the two other convictions relating to additional conduct"). The Supreme Court granted certiorari, *Percoco v. United States*, 142 S. Ct. 2901 (2022), reversed this Court's judgment, and remanded for further proceedings, *see Percoco*, 598 U.S. at 333. Upon the case returning to us, Percoco and the government filed a letter jointly "request[ing] that the Court vacate Percoco's conviction and sentence on Count Ten, affirm Percoco's convictions and sentences on Counts Nine and Eleven, and remand so that the [g]overnment may move to dismiss Count Ten and the [d]istrict [c]ourt may amend the judgment to remove the penalties imposed for the conviction on Count Ten while leaving intact the penalties imposed for the convictions on Counts Nine and Eleven." Doc. No. 520 at 2; *see also id.* ("recognizing that this Court ordinarily remands for resentencing when vacating fewer than all of a defendant's convictions on direct appeal," but stating that "Percoco waives any resentencing with respect to his remaining convictions on Counts Nine and Eleven").[1]

---

[1] On remand, Percoco has abandoned any argument that vacating his conviction on Count Ten also necessitates vacating his convictions on Counts Nine and Eleven due to prejudicial spillover. *Compare* Doc. No. 520, *with Percoco*, 598 U.S. at 325 n.2.

4

Having given due consideration to the Supreme Court's decision in *Percoco*, we agree with the parties' proposal. As an initial matter, because our previous analysis of Counts Nine and Eleven is unaffected by the Supreme Court's decision, we affirm Percoco's convictions and sentences on those counts for the reasons stated in our prior opinion. *See Percoco*, 13 F.4th at 188–92 (concluding that the error in the so-called "as opportunities arise" jury instruction was harmless); *id.* at 197–98 (rejecting Percoco's challenge to the gratuity jury instruction); *id.* at 199–201 (rejecting Percoco's sufficiency-of-evidence challenge); *id.* at 202–03 (rejecting Percoco's challenge to a portion of the forfeiture order); *see also Escalera v. Coombe*, 852 F.2d 45, 47 (2d Cir. 1988) ("Any reconsideration at this juncture of our earlier opinion must be limited to the scope of the Supreme Court's remand."). The same, however, cannot be said with respect to our previous analysis of Count Ten. Although the Supreme Court held that a private citizen "nominally outside public employment" can, in certain circumstances, be convicted of defrauding the public of honest services, *Percoco*, 598 U.S. at 329–30, it nonetheless concluded that the *Margiotta*-based jury instructions given at trial in this case were erroneous, and that "it [was] far from clear that the erroneous jury instructions would be harmless," *id.* at 325–29, 330–33. Indeed, on remand, the government has made no

5

argument that the instructional error was harmless.  *See* Doc. No. 520.  Vacatur of Percoco's conviction and sentence on Count Ten is therefore warranted.

Accordingly, we **AFFIRM** Percoco's convictions and sentences on Counts Nine and Eleven, **VACATE** Percoco's conviction and sentence on Count Ten, and **REMAND** to the district court for further proceedings consistent with this opinion.[2]

---

[2] This opinion addresses only Percoco's convictions.  The judgments against Percoco's co-defendants Louis Ciminelli, Steven Aiello, Joseph Gerardi, and Alain Kaloyeros have also been either reversed or vacated by the Supreme Court.  *See Ciminelli v. United States*, 598 U.S. 306 (2023) (reversing Ciminelli's judgment and remanding); *Aiello v. United States*, 143 S. Ct. 2491 (2023) (granting Aiello and Gerardi's petitions for writ of certiorari, vacating their judgments, and remanding for further consideration in light of the Supreme Court's opinions in both *Percoco* and *Ciminelli*); *Kaloyeros v. United States*, 143 S. Ct. 2490 (2023) (granting Kaloyeros's petition for writ of certiorari, vacating his judgment, and remanding for further consideration in light of the Supreme Court's opinion in *Ciminelli*).  As requested by Ciminelli, Aiello, Gerardi, and Kaloyeros, briefing is currently underway to determine how this Court should proceed in light of the Supreme Court's opinion in *Ciminelli*.  *See* Doc. Nos. 496, 517.  As requested by Aiello, the Court will address the effect of the Supreme Court's opinion in *Percoco* on Aiello's convictions when it addresses the effect of *Ciminelli* on those convictions.  *See* Doc. Nos. 524–25.